Plaintiff-appellant Furniture Corp. appeals from the trial court's order denying its motion for prejudgment interest. Furniture Corp. assigns the following errors for our review:
 I. FURNITURE CORP. IS AUTOMATICALLY ENTITLED TO PREJUDGMENT INTEREST AS A MATTER OF LAW FROM THE TIME THAT NORQUEST BREACHED THE CONTRACT ON JANUARY 1, 1992.
 II. FURNITURE CORP. IS ENTITLED TO HAVE THE INTEREST OWED BY NORQUEST CALCULATED AT 18 PERCENT COMPOUNDED ANNUALLY AS SPECIFICALLY PROVIDED FOR IN THE CONTRACT ENTERED INTO BY THE PARTIES.
 III. FURNITURE CORP. IS NOT REQUIRED TO DEMONSTRATE THAT NORQUEST FAILED TO MAKE A GOOD FAITH EFFORT TO SETTLE THE CASE IN ORDER TO BE ENTITLED TO PREJUDGMENT INTEREST.
Finding Furniture Corp.'s assignments of error to lack merit, the judgment of the trial court is affirmed.
 I.
On April 1, 1997, Furniture Corp. filed a complaint in the Cuyahoga Court of Common Pleas against defendant-appellee Timothy A. Norquest. In its complaint, Furniture Corp. alleges that Mr. Norguest defaulted on payments due under a furniture leasing agreement.
The case proceeded to trial and, on October 16, 1998, the jury rendered a verdict in favor of Furniture Corp. and against Mr. Norquest. The jury responded to a jury verdict form and two jury interrogatories. Jury Interrogatory Number 2 provided:
 What is the amount of compensation, including interest, owing the Plaintiff, Furniture Corp., by Defendant, Timothy A. Norquest?
(Emphasis added.) In response to Interrogatory Number 2, the jury responded that the amount of Furniture Corp.'s damages under the lease agreement, including interest, was Fourteen Thousand Five Hundred Dollars ($14,500.00). In a journal entry filed on October 27, 1998, the trial court entered judgment on the jury verdict.
On October 22, 1998, Furniture Corp. filed a motion for prejudgment interest. Furniture Corp. re-filed its motion for prejudgment interest on November 5, 1998. In a journal entry filed on November 23, 1998, the trial court stated:
 * * * PLAINTIFF'S 10/22/98 AND 11/5/98 MOTIONS FOR PREJUDGMENT INTEREST ARE DENIED IN AS MUCH AS THE JURY AWARD, PURSUANT TO INTERROGATORY 2, INCLUDED INTEREST.
On December 22, 1998, Furniture Corp. filed the instant appeal from the trial court's order denying the motion for prejudgment interest.
 II.
In its assignments of error, Furniture Corp. claims that the trial court erred in denying its motion for prejudgment interest. Furniture Corp. asserts three related arguments: (1) Furniture Corp. was automatically entitled to prejudgment interest as a matter of law, calculated from the date of the breach; (2) Furniture Corp. was entitled to interest at the rate provided in the lease agreement, eighteen percent (18%) per annum; and (3) Furniture Corp. was not required to demonstrate that Mr. Norquest failed to make a good faith effort to settle the case in order to be entitled to prejudgment interest. We will address Furniture Corp.'s assignments of error concurrently as they have common issues of law and fact.
The award of prejudgment interest in contract cases is governed by R.C. 1343.03 (A), which provides:
 * * * [W]hen money becomes due and payable upon * * * a contract or other transaction, the creditor is entitled to interest at the rate of ten per cent per annum, except that, if a written contract provides a different rate of interest in relation to the money that becomes due and payable, the creditor is entitled to interest at the rate provided in that contract.
Prejudgment interest is intended to compensate a claimant for the period of time between the accrual of the claim and the judgment. See Royal Elec. Constr. Corp. v. Ohio State Univ.
(1995), 73 Ohio St.3d 110, 117. The only issue to be determined in awarding prejudgment interest under R.C. 1343.03 (A) is whether the aggrieved party has been fully compensated. Id.
The Supreme Court of Ohio has stated that if a defendant is found in breach of a contract, "the decision to allow or not allow prejudgment interest is not discretionary." Id. at 115. The court further noted that R.C. 1343.03 (A) does not use the "good faith" language found in R.C. 1343.03 (C).[1] Id.
In the instant case, the trial court denied Furniture Corp.'s motion for prejudgment interest because the "* * * JURY AWARD, PURSUANT TO INTERROGATORY 2, INCLUDED INTEREST." We note that Furniture Corp. failed to include the trial transcript and jury instructions in the appellate record.[2] Therefore, we must presume that the jury was properly instructed and awarded Furniture Corp. interest calculated from the date of the breach and at the rate provided in the lease agreement. Cf. Coseriu v. Coseriu (July 9, 1998), Cuyahoga App. No. 73966, unreported ("When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to the assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm."). "If a partial record does not conclusively support the trial court's decision, it is presumed that the omitted portion provides the necessary support." Id.
Accordingly, we find that the trial court did not err in denying Furniture Corp.'s motion for prejudgment interest because the jury properly included interest as part of its award. Furniture Corp.'s first, second and third assignments of error are overruled. The judgment of the trial court is affirmed.
It is ordered that appellee recover of appellant his costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, P.J. and, KENNETH A. ROCCO, J., CONCUR.
 ___________________________________ LEO M. SPELLACY, JUDGE
N.B. This entry is an announcement of the court's decision. See App.R. 22 (B), 22 (D) and 26 (A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22 (E) unless a motion for reconsideration with supporting brief, per App.R. 26 (A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22 (E). See, also S.Ct. Prac.R. II, Section 2 (A) (1).
[1] R.C. 1343.03 (C) applies to civil actions based on tortious conduct and provides for prejudgment interest if "* * * the court determines at a hearing held subsequent to the verdict or decision in the civil action that the party required to pay the money failed to make a good faith effort to settle the case and that the party to whom the money is to be paid did not fail to make a good faith effort to settle the case."
[2] An appellant has the responsibility of providing the court of appeals with a record of the facts, testimony, and evidentiary matters which were necessary to support its assignment of error. See Coseriu v. Coseriu (July 9, 1998), Cuyahoga App. No. 73966, unreported.